**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KARRY D. DECK,

               Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN,

               Defendant - Appellee.

No. 13-35419

D.C. No. 3:12-cv-05024-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 10, 2014
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Karry Deck appeals the district court's judgment affirming the ALJ's denial

of her application for Social Security disability benefits. The ALJ followed the

five-step process and found her not disabled at step five after finding a significant

number of jobs existed in the national economy that Deck could still perform,

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

based on a vocational expert's testimony.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

First, substantial evidence supports the ALJ's finding that Deck's Hepatitis C does not result in any significant vocational limitations, and thus is non-severe, where the ALJ relied upon the only medical evaluator to discuss the effects of the impairment on her ability to perform basic work-related activities—Christine Allison, a physician's assistant.  *Cf. Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  Dr. Yu, whose opinion Deck alleges the ALJ erred in omitting, merely diagnosed Deck with Hepatitis C but did not discuss the effect her symptoms would have on her ability to work.

Moreover, Deck could have—but did not—obtain a supplemental report from Dr. Yu opining on what limitations, if any, her Hepatitis C might have imposed on her ability to work.  More than a year elapsed between Dr. Yu's original diagnosis and the hearing before the ALJ.  Five months elapsed between Allison's examination and the ALJ hearing.  Deck had time to rebut Allison's findings that Deck's Hepatitis C did not significantly interfere with her ability to perform basic work-related activities—but she did not do so.  Therefore, the ALJ

---

[1] We have ordered that Volume One of the Plaintiff-Appellant's Excerpts of Record, filed under seal, be unsealed for purposes of addressing facts discussed in the ALJ's October 1, 2014, decision.

did not err by relying on Allison's report, based on Dr. Yu's diagnosis, and omitting explicit reference to Dr. Yu's report.

Second, the ALJ did not err in crediting the opinion of a non-examining, non-treating doctor over three examining physicians where the ALJ gave specific and legitimate reasons for doing so. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Substantial evidence in the record supports the ALJ's decision to give less weight to the three examining physicians' reports where all of them noted Deck's "symptoms would improve if she was actively engaged in treatment and not abusing substances." *Cf. Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (holding an ALJ can meet the clear and convincing standard for rejecting medical opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings"). Therefore, the ALJ did not err by giving more weight to the non-examining medical opinion of Dr. Eisenhauer because "it is consistent with the objective medical evidence."

Third, the ALJ did not err by failing to discuss Deck's Global Assessment of Functioning ("GAF") score because the score is used for treatment purposes and not for rating a person's ability to work. *See Garrison v. Colvin*, 759 F.3d 995, 1002 n.4 (9th Cir. 2014).

Fourth, substantial evidence supports the ALJ discounting Deck's credibility due to inconsistency with her reported daily activities, inconsistency with the objective medical evidence, sporadic work history, failure to follow up on medical referrals, and her continued drug use. These provide the specific, clear, and convincing reasons an ALJ must give for his disbelief of a claimant's pain testimony. *See Orn v. Astrue*, 495 F.3d 625, 635-36 (9th Cir. 2007); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Fifth, the district court properly held that, although the ALJ did err in discrediting Deck's friend's third-party lay witness report simply because she was "likely influenced by her desire to assist" Deck, *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009), any error was harmless because the objective medical evidence did not support the lay witness opinion, which "constitutes a 'germane' reason why her testimony was not completely persuasive," *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citation omitted).

Finally, there was no error in the ALJ's residual functional capacity finding and the proper hypothetical posed to the vocational expert. Since we found no error above, we find no error here.

**AFFIRMED.**